IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JULIE CARTER and SHARON CARTER, as Co-Guardians for TIMOTHY CARTER,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICK MARTINEZ, M.D.; CAROL HUMPHRY, M.D.; ESTHER LEE, M.D.; and BRIAN A. TRIMBLE, M.D.,<br><br>    Defendants. | COPY<br>Original Received<br>**SEP 2 1 2017**<br>Clerk of the Trial Courts |

Case No. 3AN-17-09282 CI

**COMPLAINT**

COMES plaintiff, through counsel, the law firm of Dillon & Findley P.C., and for his respective causes of action, alleges as follows:

1. Plaintiff Timothy Carter, by and through co-guardians Julie and Sharon Carter, brings this action. During all relevant times, plaintiff Timothy Carter was a resident of Bethel and Anchorage, Alaska.

2. Defendant Patrick Martinez, M.D. is a medical doctor who is licensed by the State of Alaska and has been, during all relevant times alleged herein, a resident of Bethel and/or Eagle River, Alaska.

COMPLAINT
*Julie Carter, et al. vs. Patrick Martinez, M.D., et al.*
Case No. 3AN-17-09282 CI
Page 1 of 11

Case 3:17-cv-00217-JWS   Document 1-1   Filed 10/13/17   Page 1 of 11

3. Defendant Carol Humphry, M.D. is a medical doctor who is licensed by the State of Alaska and has been, during all relevant times alleged herein, a resident of Vancouver, Washington.

4. Defendant Esther Lee, M.D. is a medical doctor who had a physician temporary permit from the State of Alaska and has been, during all relevant times alleged herein, a resident of Anchorage, Alaska.

5. Defendant Brian A. Trimble, M.D. is a medical doctor who is licensed by the State of Alaska and has been, during all relevant times alleged herein, a resident of Bethel and/or Anchorage, Alaska.

6. Jurisdiction in this Court is proper under AS 22.10.020. Venue is proper under AS 22.10.030 and Alaska Rule of Civil Procedure 3.[1]

---

[1] This case involves care received at the Yukon-Kuskokwim Delta Regional Hospital and the Alaska Native Medical Center. It is likely that some if not all of the providers named were federal employees at the time of the care rendered to Mr. Carter and their care is governed by the Federal Torts Claims Act ("FTCA"). A proper administrative Form 95 has been filed to toll the statute of limitations for the federal action. However, federal case law does not protect the state statute of limitations for any healthcare provider who is not an employee of the federal government under the FTCA. Since there is no way to ensure that the healthcare providers who provided care to Mr. Carter were federal employees before the expiration of the state statute of limitations, this Complaint

COMPLAINT
*Julie Carter, et al. vs. Patrick Martinez, M.D., et al.*
Case No. 3AN-17-_____ CI
Page 2 of 11

Case 3:17-cv-00217-JWS   Document 1-1   Filed 10/13/17   Page 2 of 11

## FACTUAL BACKGROUND

7. Timothy Carter was brought to the Emergency Department at the Yukon-Kuskokwim Delta Regional Hospital in Bethel, Alaska on September 22, 2015 by ambulance.

8. Mr. Carter was unable to walk, was vomiting, dizzy and felt weak. He denied abdominal pain and headache.

9. Mr. Carter's history revealed type 2 diabetes, hypercholesterolemia, and hypertension.

10. He was evaluated by defendant Dr. Patrick Martinez, who ordered a blood test and urinary analysis. Dr. Martinez did not document a neurological evaluation. He did document that Mr. Carter had no other neurological symptoms other than those noted above.

11. Mr. Carter's blood pressure was 169/87, and his respiratory rate was 20. Mr. Carter did not have a fever.

12. His blood test results revealed an elevated Glucose and white blood cell count.

13. Mr. Carter's urine had traces of blood and positive bacteria result.

14. Dr. Martinez determined that Mr. Carter had a urinary tract infection. Dr. Martinez admitted Mr. Carter to the

---

is necessary to require the United States Government to certify the status of each provider involved in his care.

COMPLAINT
*Julie Carter, et al. vs. Patrick Martinez, M.D., et al.*
Case No. 3AN-17-_____ CI
Page 3 of 11

hospital after apparently discussing the case with defendant Dr. Carol Humphry.

15. Dr. Martinez treated Mr. Carter with zofran, rocephin, and reglan to treat his nausea and diabetes.

16. A few hours after Mr. Carter was admitted to the floor, Dr. Humphry evaluated him. She noted that Mr. Carter was sedated, sleepy, uncooperative and did not "utter a word" when she spoke to him despite opening his eyes. Dr. Humphry also noted that Mr. Carter spoke to Dr. Martinez but did not say much. Mr. Carter reported to the ER staff that he just wanted to sleep and would only respond when pressed to answer.

17. Dr. Humphry did not document a neurological examination. Instead she concurred with Dr. Martinez noting a likely urinary tract infection.

18. Dr. Humphry next evaluated Mr. Carter on September 23 at 1:25 in the afternoon.

19. Dr. Humphry noted that Mr. Carter was still nauseated and had a headache over the top of his head that he had been experiencing since the day before. Mr. Carter reported that the day before he had poor vision in his lateral field. He went to work but could not coordinate his right arm and felt his speech was not clear. Mr. Carter reported he also had ringing in his left ear, and then the vomiting began. He could

COMPLAINT
*Julie Carter, et al. vs. Patrick Martinez, M.D., et al.*
Case No. 3AN-17-_____ CI
Page 4 of 11

Case 3:17-cv-00217-JWS   Document 1-1   Filed 10/13/17   Page 4 of 11

not walk because he was so weak. Dr. Humphry noted that his right hand was slower and shaky compared to his left hand.

20. A CT scan was done the afternoon of September 23 that showed multiple infarcts in the right posterior circulation, with his right occipital focus having axial measurements of 5.0 x 2.7 cm, the larger right cerebellar lesion had an axial measurement of 4.4 x 2.4 cm, with a smaller peripheral and more inferior cerebellar lesion measuring 1.7 x 1.1 cm.

21. Dr. Humphry contacted defendant Dr. Brian Trimble at the Alaska Native Medical Center ("ANMC") and reviewed the CT results with him. Dr. Trimble advised that an immediate transfer to ANMC was needed.

22. Mr. Carter was medivaced to ANMC on September 24.

23. Defendant Dr. Esther Lee admitted Mr. Carter. He was well past the window of opportunity for thrombolytic therapy by the time he arrived at ANMC. Dr. Lee noted that Mr. Carter had been off his medication for both diabetes and blood pressure for about a year. She noted that Mr. Carter had a left visual field defect and full strength of the right upper and lower extremities. Dr. Lee ordered a full work up to identify the embolic source of Mr. Carter's stroke. She also ordered a neurology consult with Dr. Trimble.

COMPLAINT
*Julie Carter, et al. vs. Patrick Martinez, M.D., et al.*
Case No. 3AN-17-_____ CI
Page 5 of 11

Case 3:17-cv-00217-JWS   Document 1-1   Filed 10/13/17   Page 5 of 11

24. Dr. Trimble evaluated Mr. Carter the following day on September 25 in the morning. Dr. Trimble noted the partial left field cut noted by Dr. Lee, but also found that Mr. Carter had ataxia of the right arm and leg. Dr. Trimble noted these deficits were consistent with the MRI findings of an acute infarct involving the right cerebellum. Dr. Trimble concurred with the work-up to determine the source of Mr. Carter's stroke, including the echocardiogram, carotid duplex, and a CT angiogram to check the integrity of the vertebral arteries. This work-up was not complete when Dr. Trimble evaluated Mr. Carter or dictated his report. Dr. Trimble noted a need for a follow-up in one month.

25. Dr. Trimble did not review Mr. Carter's work-up once it was done.

26. That work-up revealed a distal right vertebral artery occlusion as well as a right posterior inferior cerebellar artery occlusion.

27. Dr. Lee reviewed the results and noted this result as a "relatively rare" condition. She noted that anticoagulation was not initiated during hospitalization because of a very high risk of hemorrhagic conversion to stroke. Dr. Lee discharged Mr. Carter on September 26 with an order to take aspirin

instead, follow up with Dr. Trimble in one month, and to follow up with his primary care provider in 3-5 days.

28. Mr. Carter returned to Bethel.

29. The following day, on September 27, Mr. Carter experienced new left sided numbness and vision changes. Mr. Carter arrived in the emergency room at Yukon-Kuskokwim Delta Regional Hospital within 15 minutes of the symptom onset. While in the emergency room, Mr. Carter deteriorated and became unresponsive.

30. Mr. Carter suffered a massive stroke on September 27. He remains on life support as a result of that stroke.

## COUNT I

Plaintiff re-alleges paragraphs 1 through 30 as if fully set forth herein and further alleges as follows:

31. Dr. Patrick Martinez owed a duty to Mr. Carter to assess, diagnose and treat him within the appropriate standard of care and/or with the knowledge or skill ordinarily exercised by medical doctors trained in the field of emergency medicine.

32. Dr. Patrick Martinez either lacked the degree of knowledge or skill or failed to exercise the degree of care ordinarily exercised by medical doctors trained in the field of emergency medicine and was negligent and/or reckless in at least the following ways: in failing to provide appropriate

COMPLAINT
*Julie Carter, et al. vs. Patrick Martinez, M.D., et al.*
Case No. 3AN-17-_____ CI
Page 7 of 11

Case 3:17-cv-00217-JWS   Document 1-1   Filed 10/13/17   Page 7 of 11

assessment, testing, treatment and follow up for Mr. Carter's emergency room presentation on September 22, 2015.

33. As a direct and proximate cause of negligent and/or reckless conduct as above alleged, Mr. Carter suffered permanent disability, inconvenience, pain and suffering, past and future economic loss, loss of enjoyment of life, and past and future medical expenses.

## COUNT II

Plaintiff re-alleges paragraphs 1 through 33 as if fully set forth herein and further alleges as follows:

34. Dr. Carol Humphry owed a duty to Mr. Carter to assess, diagnose and treat him within the appropriate standard of care and/or with the knowledge or skill ordinarily exercised by medical doctors.

35. Dr. Carol Humphry either lacked the degree of knowledge or skill or failed to exercise the degree of care ordinarily exercised by medical doctors and was negligent and/or reckless in at least the following ways: in failing to provide appropriate assessment, testing, treatment and follow up for Mr. Carter's presentation to Yukon-Kuskokwim Delta Regional Hospital on September 22, 2015.

36. As a direct and proximate cause of negligent and/or reckless conduct as above alleged, Mr. Carter suffered

COMPLAINT
*Julie Carter, et al. vs. Patrick Martinez, M.D., et al.*
Case No. 3AN-17-_____ CI
Page 8 of 11

permanent disability, inconvenience, pain and suffering, past and future economic loss, loss of enjoyment of life, and past and future medical expenses.

## COUNT III

Plaintiff re-alleges paragraphs 1 through 36 as if fully set forth herein and further alleges as follows:

37. Dr. Esther Lee owed a duty to Mr. Carter to assess, diagnose and treat him within the appropriate standard of care and/or with the knowledge or skill ordinarily exercised by medical doctors.

38. Dr. Esther Lee either lacked the degree of knowledge or skill or failed to exercise the degree of care ordinarily exercised by medical doctors and was negligent and/or reckless in at least the following ways: in failing to provide appropriate assessment, testing, treatment and follow up for Mr. Carter's presentation to the Alaska Native Medical Center, which led to Mr. Carter's stroke on September 27, 2015.

39. As a direct and proximate cause of negligent and/or reckless conduct as above alleged, Mr. Carter suffered permanent disability, inconvenience, pain and suffering, past and future economic loss, loss of enjoyment of life, and past and future medical expenses.

COMPLAINT
*Julie Carter, et al. vs. Patrick Martinez, M.D., et al.*
Case No. 3AN-17-_____ CI
Page 9 of 11

Case 3:17-cv-00217-JWS   Document 1-1   Filed 10/13/17   Page 9 of 11

## COUNT IV

Plaintiff re-alleges paragraphs 1 through 39 as if fully set forth herein and further alleges as follows:

40. Dr. Brian Trimble owed a duty to Mr. Carter to assess, diagnose and treat him within the appropriate standard of care and/or with the knowledge or skill ordinarily exercised by medical doctors trained in the field of neurology.

41. Dr. Brian Trimble either lacked the degree of knowledge or skill or failed to exercise the degree of care ordinarily exercised by medical doctors trained in the field of neurology and was negligent and/or reckless in at least the following ways: in failing to provide appropriate assessment, testing, treatment and follow up for Mr. Carter's presentation to the Alaska Native Medical Center, which led to Mr. Carter's stroke on September 27, 2015.

42. As a direct and proximate cause of negligent and/or reckless conduct as above alleged, Mr. Carter suffered permanent disability, inconvenience, pain and suffering, past and future economic loss, loss of enjoyment of life, and past and future medical expenses.

WHEREFORE, plaintiff prays for relief as follows:

1. For compensatory damages, in excess of $100,000.00, the exact amount to be proven at trial, including, but not

COMPLAINT
*Julie Carter, et al. vs. Patrick Martinez, M.D., et al.*
Case No. 3AN-17-_____ CI
Page 10 of 11

Case 3:17-cv-00217-JWS   Document 1-1   Filed 10/13/17   Page 10 of 11

LAW OFFICES
DILLON & FINDLEY
A PROFESSIONAL CORPORATION
1049 W. 5th Ave., Suite 200
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

limited to, severe pain and suffering, permanent disability, inconvenience, past and future economic loss, loss of enjoyment of life, and past and future medical expenses;

2. For costs, attorney's fees and pre-judgment interest; and

3. For such other and further relief as the Court deems just and proper.

DATED this 21st day of September 2017, at Anchorage, Alaska.

DILLON & FINDLEY, P.C.
Attorneys for Plaintiff

By: _____
Margaret Simonian
ABA No. 9901001

COMPLAINT
*Julie Carter, et al. vs. Patrick Martinez, M.D., et al.*
Case No. 3AN-17-_____ CI
Page 11 of 11